FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 OCT 16  PM 3: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

KATRINA MARIE TAYLOR,           )
    Plaintiff,                  )
                                )
v.                              )        No. CV-97-P-1260-S
                                )
BARBER DAIRIES, INC., et al.,   )
    Defendants.                 )

ENTERED

OCT 16 1998

## OPINION

    The defendants' Motion for Summary Judgment was considered at this court's July 31, 1998 motion docket. For the reasons expressed in this opinion, the motion is due to be granted.

### Facts[1]

    In June 1995 the plaintiff was employed as a packer at Barber's Ice Cream Company, a division of Barber Dairies, Inc. Defendant Thomas Muscato was a supervisor in the area of the plant in which the plaintiff worked. Muscato was assigned to the plaintiff's area in April 1995. The plaintiff and Muscado had no interaction away from work or of a personal nature.

    On June 8, 1995 another employee, Darphine Smith, approached the plaintiff and suggested that they take their afternoon break together. The plaintiff's machine was not running at that time. Accompanied by Smith, the plaintiff went to Muscato and asked for permission to take her break then. Muscato told the plaintiff to find out how long her machine would be down. After the plaintiff returned and told Muscato, he told her she could take her break.

---

[1]The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

As the plaintiff and Smith began to walk away, Muscato allegedly grabbed the plaintiff by her shoulders, pulled her toward him, kicked her in the buttocks, and said, "Take that with you." The plaintiff turned and said, "I can't believe you kicked me," but Muscato allegedly said nothing. The plaintiff and Smith left the production floor and went on their break. The plaintiff contends that Muscato kicked her because he is mean and because she had knowledge of personal relationships between Muscato and other female employees.

Although the plaintiff testified that Muscato kicked her hard enough that it hurt, she worked the rest of her shift. The plaintiff claims that the area where she was kicked began to bleed and hurt later that day. The plaintiff sought medical treatment on June 12, 1995 and subsequently underwent a hemorrhoidectomy in July 1995. Although the plaintiff had a history of hemorrhoid problems, she claims that the alleged kick necessitated the surgery.

The plaintiff did not immediately report the incident to anyone at Barber's and did not file a grievance concerning the alleged kick. On December 27, 1995, during an investigation of Muscato prompted by another employee's complaint, the plaintiff told Barber's Human Resources Director about the incident. On January 25, 1996 Barber's terminated the plaintiff's employment because of excessive absenteeism. On March 7, 1996 the plaintiff pressed criminal charges against Muscato. Muscato was found not guilty of assault and battery. Muscato was formally reprimanded by Barber's as a result of the December investigation. On January 3, 1996 he was suspended and demoted for abusive language and inappropriate comments, although Barber's found no conclusive evidence of sexual harassment.

On April 10, 1997 the plaintiff filed this action against Barber Dairies and Muscato, alleging claims of assault, battery, and outrage. In support of her outrage claim, the plaintiff

2

contends that Muscato (1) used profanity; (2) massaged the plaintiff's neck and shoulders twice; (3) grabbed himself once; and (4) yelled and screamed at employees on the production floor. Although the plaintiff did not report Muscato's alleged conduct when it occurred, she did report some allegations during the December 1995 investigation of Muscato.

### Analysis

The plaintiff's assault and battery claim against Barber Dairies is barred by the Alabama Workers' Compensation Act. Alabama Code § 25-5-53 limits an employee's rights and remedies for injury as follows:

> Except as provided in this chapter, no employer shall be held civilly liable for personal injury to . . . the employer's employee, . . . , whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment.

Ala. Code § 25-5-53 (1975). In Alabama, an injury resulting from a willful and criminal assault by a fellow employee can qualify as an accident for purposes of the workers' compensation laws. *See Tiger Motor Co. v. Winslett*, 176 So. 2d 39 (Ala. 1965). The assault cannot be based solely on personal hatred, anger, or ill will; it must arise out of and in the course of employment to be considered an accident. *See Thompson v. Anserall, Inc.*, 522 So. 2d 284, 287 (Ala. Civ. App. 1988). If a rational mind could find that the employment set into motion the proximate cause of the injury, then the assault arose out of and in the course of the employment. *See id.* (citing *McGaughy v. Allied Products Co.*, 412 So. 2d 803 (Ala. Civ. App. 1982)).

The circumstances of this case indicate that the alleged assault and battery arose out of and in the course of the plaintiff's employment. Muscato allegedly kicked the plaintiff after she

3

asked to take her break. The plaintiff's evidence does not sufficiently demonstrate that the alleged assault was motivated solely by personal hatred or ill will. Additionally, the assault occurred on the employer's premises during work hours. A rational mind could determine that the plaintiff's request to take a break set into motion the alleged incident. Because the assault was an accident within the meaning of § 25-5-53, the plaintiff's exclusive remedy against Barber Dairies is a claim for workers' compensation. Barber Dairies' motion for summary judgment as to the assault and battery claim is therefore due to be granted.

The claim of assault and battery against Muscato warrants different analysis. Section 25-5-53 of the Alabama Code provides employers with immunity against civil liability; it does not make co-employees or supervisors completely immune from civil actions brought outside the scope of the Workers' Compensation Act. In fact, § 25-5-11 permits injured employees to sue co-employees for damages "only for willful conduct which results in or proximately causes the injury or death." Ala. Code § 25-5-11 (1975). Thus, the plaintiff's claim against Muscato would not be barred by § 25-5-53, assuming that Muscato's conduct was willful and resulted in or proximately caused the plaintiff's injury.

Section 25-5-11(c) defines "willful conduct" to include "[a] purpose or intent or design to injure another." A plaintiff can prove a defendant's intent with evidence tending to demonstrate the reason that the co-employee would want to intentionally injure the plaintiff, or that a reasonable person would have known that the particular injury was substantially certain to result from his actions. *See Burkett v. Loma Machine Manufacturing, Inc.*, 552 So. 2d 134 (Ala. 1989). In this case, the plaintiff has offered no evidence, other than assertions that Muscato was mean and that she knew about his alleged personal relationships, as to why Muscato would want to

4

intentionally injure her in the manner in which she alleges he did. Furthermore, the plaintiff cannot demonstrate that a reasonable person in Muscato's position would have known that a kick like the one alleged would result in pain, bleeding, depression, and the necessity of a hemorrhoidectomy. Even if the plaintiff could establish that the alleged kick proximately caused her injuries, the plaintiff has not established the level of intent necessary to maintain an action against a co-employee. Actions against co-employees predicated upon negligent or wanton conduct are not maintainable. *See* Ala. Code §§ 25-5-14, 25-5-53 (1975). Muscato's motion for summary judgment as to the assault and battery claim is due to be granted.

Muscato's motion for summary judgment as to the plaintiff's outrage claim is also due to be granted. To establish a claim for outrage, the plaintiff must prove that the defendant's conduct was intentional or reckless, that it was extreme and outrageous, and that it caused emotional distress so severe that no reasonable person could be expected to endure it. *See Jenkins v. United States Fidelity & Guaranty Co.*, 698 So. 2d 765, 768 (Ala. 1997); *American Road Service Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). None of the four types of behavior that the plaintiff cites is sufficiently extreme and outrageous to be the basis of a tort claim of outrage. Additionally, the plaintiff has not demonstrated emotional distress so severe that no reasonable person could be expected to endure it. For these reasons, summary judgment is due to be granted as to the claim of outrage against Muscato.

The plaintiff included Barber Dairies in her outrage claim, alleging that Barber Dairies had notice of Muscato's outrageous conduct and failed to do anything about it. Even if the plaintiff could establish a claim of outrage against Muscato, nothing suggests that Barber Dairies should be liable for the alleged conduct. The plaintiff did not report any of the alleged

5

outrageous conduct to anyone at Barber Dairies until the December 1995 investigation of another employee's sexual harassment complaint. At that time, after finding no conclusive evidence of sexual harassment but consistent evidence of foul language, Barber Dairies promptly suspended Muscato for a week and demoted him. The evidence does not establish that Barber Dairies knew or should have known of potentially outrageous or inappropriate behavior by Muscato before the December 1995 investigation. Summary judgment is due to be granted as to the plaintiff's entire claim of outrage.

For the reasons expressed in this opinion, the defendants' motion for summary judgment is due to be granted with respect to all of the plaintiff's claims.

Dated: October 16, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
　　　　Mr. Lawrence Cooper
　　　　Mr. Brent L. Crumpton
　　　　Ms. Kimberly K. Boone